UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ISSAC AUGUSTIN GUERRERO,<br><br>         Defendant. | Case No.: 25cr990 WQH<br><br>**ORDER** |

HAYES Judge:

  The matter before the Court is the Motion to Dismiss the Indictment under the Second Amendment ("Motion to Dismiss," ECF No. 23), filed by Defendant Issac Augustin Guerrero.

## BACKGROUND

  On January 31, 2025, a sealed Complaint was filed charging Defendant with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) The Complaint's Probable Cause Statement alleges that, in September 2022, Defendant sold an unserialized firearm (commonly referred to as a "ghost gun") and 9mm Winchester-brand ammunition to a confidential informant of the Bureau of Alcohol, Tobacco, Firearms and Explosives. The Complaint's Probable Cause Statement alleges that Defendant has multiple prior felony convictions, including convictions in 2020 for "Assault with a Deadly Weapon with Force: Possible GBI, C.P.C. § 245(a)(4); Vandalism, C.P.C. § 594(b)(1); Criminal Storage of a Firearm," and convictions in 2021 for "Felon in Possession of a Firearm, C.P.C. § 29800(a)(1); Assault with a Deadly Weapon with Force: Possible GBI, C.P.C. § 245(a)(4); Vandalism, C.P.C. § 594(b)(1)." *Id*. at 3.

On March 4, 2025, Defendant was arrested pursuant to the Complaint. (ECF No. 16.)

On March 28, 2025, an Indictment was filed charging Defendant with one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and one count of felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF No. 18.)

On June 30, 2025, Defendant filed the pending Motion to Dismiss. (ECF No. 23.) Defendant moves to dismiss the Indictment, contending that "§ 922(g)(1) is unconstitutional, at least as applied to Mr. Guerrero." *Id*. at 5. Defendant recognizes that "the Ninth Circuit upheld § 922(g)(1) in *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025)," but Defendant "files this motion to preserve the issue for further review." *Id*. at 1.

On July 7, 2025, Plaintiff United States of America filed an opposition to the Motion to Dismiss. (ECF No. 25.) Plaintiff asserts that, "[a]t just 23 years old, Defendant is a five-time felon, including: … Assault with Force Likely to Produce Great Bodily Injury, … Felon in Possession of a Firearm, … Vandalism, … Criminal Storage of a Firearm, [and] Burglary…." *Id*. at 2. Plaintiff contends: "Because a 'felony-by-felony' comparison is not required, the application of § 922(g)(1) is constitutional as to all felons like Defendant." *Id*. at 3 (quoting *Duarte*, 137 F.4th at 761).

## DISCUSSION

As recognized by Defendant, on May 9, 2025, an en banc panel of the Court of Appeals for the Ninth Circuit upheld § 922(g)(1)'s constitutionality under the Second Amendment, even as applied to non-violent felons. *See Duarte*, 137 F.4th at 762. The Ninth Circuit in *Duarte* held that § 922(g)(1) meets the test outlined in *New York State Rifle Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and is consistent with this Nation's historical tradition of firearm regulations. Specifically, *Duarte* concluded:

> § 922(g)(1)'s permanent and categorical disarmament of felons is consistent with this Nation's historical tradition of firearm regulations. Legislatures have historically retained the discretion to punish those who commit the most severe crimes with permanent deprivations of liberty, and legislatures could

disarm on a categorical basis those who present a 'special danger of misuse' of firearms. We agree with the Fourth and Eighth Circuits that either historical tradition is sufficient to uphold the application of § 922(g)(1) to all felons.

*Id.* at 761 (quoting *United States v. Rahimi*, 602 U.S. 680, 698 (2024); citing *United States v. Hunt*, 123 F.4th 697, 706 (4th Cir. 2024); *United States v. Jackson*, 110 F.4th 1120, 1127–28 (8th Cir. 2024)). Because the Ninth Circuit has upheld "the application of § 922(g)(1) to all felons," Defendant's Motion to Dismiss is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss the Indictment under the Second Amendment (ECF No. 23) is denied.

Dated: July 11, 2025

Hon. William Q. Hayes
United States District Court